INEZ A. WARE vs. EVANGELICAL BAPTIST BENEVOLENT
AND MISSIONARY SOCIETY OF BOSTON.

Norfolk.   December 5, 1901. — May 19, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Nuisance.*

There is no fault in erecting and maintaining a business building with a corridor
about five inches lower than the floors of the rooms opening upon it.
*Semble,* that a woman who has passed from the corridor of an office building into
one of the rooms opening from it, the floor of which is about five inches higher
than the corridor, without stumbling, is not in the exercise of due care if when
coming out of the same doorway she falls on account of the difference in level
of the floors.

TORT for injuries from a fall caused by the plaintiff stepping
from the floor of a room of the Tremont Temple Building in
Boston, used for the exhibition and sale of certain pictures, to
the adjoining corridor alleged negligently to be constructed
and maintained by the defendant four and seven eighths inches
lower than the floors of the rooms opening upon it.   Writ dated
December 15,.1899.

At the trial in the Superior Court before *Sherman,* J., the
jury, to whom the case was submitted by agreement, returned a
verdict for the plaintiff in the sum of $2,500; and the judge
reported the case for the consideration of this court in the
manner and upon the terms stated by the court.

*T. W. Proctor,* for the defendant.

*F. H. Williams,* for the plaintiff.

MORTON, J.   This is an action of tort to recover for personal
injuries sustained by the plaintiff through the alleged negligence
of the defendant.   At the conclusion of the plaintiff's evidence,
the defendant asked the judge to rule that the plaintiff could
not recover, and to direct a verdict for the defendant.   The
judge did not rule as thus requested, though expressing the
opinion that the action could not be maintained.   But, it was
agreed instead by the parties after conference with the judge,
that the case should be submitted to the jury, and if the jury
returned a verdict for the plaintiff the case should be reported

to the Supreme Judicial Court, and if that court was of opinion that a verdict ought to have been directed for the defendant judgment was to be so entered. The jury returned a verdict for the plaintiff and the case is here as thus stipulated.

The injury complained of was due to a fall received by the plaintiff while passing from one of the rooms in the Tremont Temple Building so called in Boston, belonging to the defendant, to the hallway or corridor on which the room opened. The floor of the room was four and seven eighths inches above the floor of the hallway and it was this difference in height which caused the plaintiff, as she stepped forward out of the room, to fall. She had entered the room a few minutes before through the same door. She had never been in the building previously if that is material. It is contended that this construction was defective, and this is the negligence alleged.

It is matter of common observation that in entering and leaving stores, halls, railway car stations and platforms, office buildings, and other buildings and places and private houses, adjoining surfaces are frequently at different levels, and the difference in level has to be overcome by one or more steps of greater or less height or by some other device. The same thing happens in the interior of buildings and structures. We cannot think that such a construction is of itself defective or negligent. There is nothing in the nature of things which requires that the floor of a room which is entered from a hall or corridor, especially in a building like the Tremont Temple Building, should be on the same level as that of the hall or corridor. Such may be the more usual and common construction, but there is nothing, we think, which requires it to be so at the peril of being regarded as defective or negligent, if it is not, and if suitable safeguards are not adopted to warn and protect those invited there. Moreover, the plaintiff had gone into the room, without stumbling, over the same step where she fell when coming out. It would seem that the accident was due, to say the least, quite as much to her own inattention as to the presence of the step. It may be as the plaintiff contends, though we do not mean to make any intimation to that effect, that if the accident was due to a defect in the original construction or plan of the building, the defendant would be liable, notwithstanding it had leased

that part of the building to the Tremont Temple Baptist Church, but it is not necessary in the view which we have taken of the question whether there was a defect, to consider that matter since we are of opinion as already observed that the construction cannot be regarded as defective or negligent.

The result is that, according to the report, judgment is to be entered for the defendant.

*So ordered.*