MARY A. HOYT *vs.* JOHN WOODBURY, trustee.

Essex. November 5, 1908. — January 4, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence,* Of one owning or controlling real estate.

It is not negligence on the part of one who owns a lot of land in a city, abutting upon a street with a considerable grade, to build thereon a four story block with two stores on the first floor opening upon the street with their entrance doors set back from it, and, between them, an entrance and hallway also set back from the street and leading to the upper floors of the building, and in so doing to leave the floor in front of the entrances open to the sidewalk and to make the floor of the entrance to the lower store three and a quarter inches lower than the floor of the entrance to the hall leading to the upper floors with a riser of that height

between the two but with nothing to prevent persons from passing back and forth between the higher and lower portion of the flooring where the riser is, or to warn them of. any risk in so doing; and, if a customer in the lower store, in leaving it and attempting to walk from the lower portion of the entrance floor to the higher, stumbles upon the riser and is injured, he cannot maintain an action against such owner.

TORT for injuries alleged to have been received by the plaintiff as she was leaving a store on Central Square in Lynn, leased by the defendant to one Bauer, by reason of her stumbling upon a raised portion of the floor of the store entrance. Writ in the Superior Court for the county of Essex dated April 17, 1905.

At the trial *Pierce,* J., directed a verdict for the defendant upon the facts which the plaintiff's counsel stated he relied on to maintain the action; and the plaintiff alleged an exception. The facts are stated in the opinion.

The case was submitted on briefs.

*S. Parsons, H. A. Bowen & C. D. C. Moore,* for the plaintiff.

*W. H. Niles & H. R. Mayo,* for the defendant.

RUGG, J. This is an action of tort to recover for injuries sustained by the plaintiff from a fall on premises of the defendant under these circumstances: For the purpose of trading she visited the store of one Bauer, who was a tenant of the defendant, in a four story block; the first story was occupied by two stores, between which was an entrance to the upper stories; the street in front of the block was at a considerable grade, Bauer's store being opposite the lower portion of the street; the front of the building was on the street line, but all the entrances were set back, that of Bauer's store about ten feet, and that to the upper stories about nine feet; the space between the street line (that is, between the line of the sidewalk adjacent to the building) and the entrances was paved by the defendant with alternate squares of black and white tiling; the space or passageway to Bauer's entrance was substantially level with the sidewalk, and in it stood, just inside the street line, a column about one foot square supporting the building; the passageway to the entrance to the upper stories was raised above the sidewalk and tiling leading to Bauer's store from two and one half to three and one fourth inches, and the line of separation between these two levels of tiling continued the diagonal line made by Bauer's show window to the sidewalk line; the plaintiff

stumbled over this riser between the two levels of tiling as she was coming out of the store on a sunny afternoon.

Without discussing the plaintiff's due care or whether she had any greater right than Bauer, the tenant, would have had under similar circumstances, the ruling of the presiding judge directing a verdict for the defendant should be supported on the ground that there was no evidence of negligence on the part of the defendant. He owned a lot of land on a slight hillside, and it abutted upon a street which descended the hill. He had a right to improve his real estate in any reasonable way. He chose to maintain upon it a block with two stores separated by an entrance to upper stories. The problem which confronted him in doing this was so to arrange the means of access to these three entrances as to adapt them to the varying grade of the adjacent sidewalk. This could have been done in any one of several different ways. But it obviously must have been done in some way. So long as the present physical configuration of this Commonwealth continues to exist, substantially the same difficulties will confront those who undertake to erect structures for use of the public. Methods may change, and facilities of access may grow better, but the situation of buildings abutting upon hilly streets will abide. Persons entering this building were charged with knowledge that they were not entering from a perfectly level sidewalk, and that generally the floors of buildings are not of precisely the same elevation as the sidewalk, even where it is level. Customers entering or leaving stores cannot be unmindful of these almost universally prevailing conditions. Owners of buildings have a right to proceed in their constructions in view of this common observation on the part of the public and assume in the actions of those who may frequent their buildings the exercise of ordinary circumspection as to their footing. Steps of greater or less height are the usual, although not the only, means of overcoming such differences in level as existed in this case between the street and the entrance. People cannot expect upon land obviously in private ownership next a street the same condition that they might anticipate in a public sidewalk. In arranging an approach to the store wider at the street line and converging toward the door and the approach to the upper floors at a conveniently higher level with a low step in ordinary

form between, the defendant violated no duty which he owed to the plaintiff. *Ware* v. *Evangelical Baptist Benevolent & Missionary Society of Boston*, 181 Mass. 285. *Lorenzo* v. *Wirth*, 170 Mass. 596.

*Exceptions overruled.*