MARY A. RYNN *vs.* FOX–NEW ENGLAND THEATRES, INC.

Hampden.    January 3, 1938. — January 31, 1938.

Present: RUGG, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Negligence,* Theatre.

Construction of the floor of a moving picture theatre so that there was a perpendicular drop of five or six inches from a platform upon which one row of seats was placed to that upon which was placed the row ahead was not uncommon and would be obvious to any ordinarily intelligent patron entering in the semidarkness while a picture was being shown; and the proprietor of the theatre could not be found negligent in failing to warn a patron of such construction.

TORT. Writ in the Superior Court dated July 22, 1932.

A verdict for the defendant was ordered by *T. J. Hammond,* J. The plaintiff alleged exceptions.

The case was submitted on briefs.

*D. H. Keedy & E. S. Searle,* for the plaintiff.

*I. R. Shaw & J. A. Anderson, Jr.,* for the defendant.

Cox, J. The plaintiff and her daughter were rightfully in the defendant's moving picture theatre. Upon the evidence most favorable to the plaintiff, it could have been found that an usher conducted them about half way down an aisle which sloped toward the stage and in which there were no steps or stairs of any kind. It was dark in the theatre, and a picture was then being shown. The usher indicated that they should take some vacant seats on their left which were in some distance in a row at right angles to the aisle. In order to reach the seats it was necessary for them to pass in front of several persons who were seated at their left in the row. The usher had no flashlight, or if she had one she did not use it, and said nothing about there being a difference in level in the floor in front of the row of seats which the plaintiff and her daughter had to pass. There was a difference in level there consisting of a perpendicular drop of five or six inches from the level of the floor upon which the plaintiff and her daughter were walking in front

of that row, to the level of the floor upon which the row of seats at their right was placed. The existence of this difference in levels was unknown to the plaintiff. It was so dark that she did not observe it, and the first she knew of it being there was when one foot went off the edge and she fell. When she fell her body went down on the floor partly into the space bounded by the edge of the "step" along which she had been walking and the back of the row of seats at her right. There was further evidence that the lighting conditions in the theatre were those ordinarily found in the average moving picture theatre; that the "step" and arrangement of the seats were similar to the arrangement of the chairs and step where the jury were sitting; that there was no difference in level in the floor of the space between the rows of seats along which the plaintiff was walking; that the space between the seats on the plaintiff's right and the backs of the seats on the plaintiff's left at the place where she fell was wider than the space between other rows of seats in the theatre; and that "there was no other difference in level in the floor in front of any other row of seats in the whole theatre." "There was no evidence of any defect in the passageway or in the construction of the step itself."

At the close of the evidence the judge upon motion directed the jury to return a verdict for the defendant. To the allowance of this motion the plaintiff duly excepted.

The defendant owed to the plaintiff as an invitee the general duty to use ordinary care and diligence to put and keep its theatre in a reasonably safe condition, having regard to the construction of the place, the character of the entertainment given and the customary conduct of persons attending, *Rosston* v. *Sullivan*, 278 Mass. 31, or at least to warn her against any dangers attendant upon the use of the premises which were not known to her or obvious to any ordinarily intelligent person and either were known or in the exercise of reasonable care ought to have been known to the defendant. *Kelley* v. *Goldberg*, 288 Mass. 79.

There was no evidence of any defect "in the passageway or in the . . . step itself," and we do not think there was any structural defect. The floor of the theatre sloped to-

ward the stage, and the row of seats was installed on a level passageway or platform which dropped perpendicularly "to the level of the floor upon which the row of seats" next in front was placed. There was nothing uncommon in this form of construction and it was what would be obvious to any ordinarily intelligent person. Whether the seats in a theatre are placed upon a sloping floor or upon a level platform, as in this case, should be sensed by one who is walking in front of them. *Ware* v. *Evangelical Baptist Benevolent & Missionary Society of Boston*, 181 Mass. 285. *Hoyt* v. *Woodbury*, 200 Mass. 343. *Pastrick* v. *S. S. Kresge Co.* 288 Mass. 194. See *Corthell* v. *Great Atlantic & Pacific Tea Co.* 291 Mass. 242; *Abrahams* v. *Zisman*, 293 Mass. 375. Nor do we think the plaintiff is helped by the evidence as to the lighting conditions. A picture was being shown as she was taking her seat. *Rosston* v. *Sullivan*, 278 Mass. 31. *Falk* v. *Stanley Fabian Corp. of Delaware*, 115 N. J. L. 141. It is unnecessary to consider the question of the plaintiff's due care. In the opinion of the majority of the court, the entry must be

*Exceptions overruled.*