WILLIAM E. PALMER *vs.* BOSTON PENNY SAVINGS BANK.

Suffolk.    November 14, 1938. — December 5, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Negligence,* Invited person, Garage, One owning or controlling real estate, Contributory.

Evidence of the circumstances in which the owner of an automobile, after leaving it in a public garage to be called for during the night, returned after dark and, finding a large entrance door locked and no lights or means of signalling on the outside of the garage, entered a small, unlocked door believing it to be an entrance similar in appearance which he previously had observed, and in the darkness fell down a stairway, warranted findings that the plaintiff was an invitee in entering where he did and that the proprietor of the garage was negligent in not providing for his safety; and a finding that the plaintiff was guilty of contributory negligence was not required.

TORT.    Writ in the Superior Court dated March 24, 1934.

The declaration as amended included two counts, the first based on negligence and the second on gross negligence. *Brogna,* J., ordered a verdict for the defendant on the second count and the jury found for the plaintiff on the first count in the sum of $5,000. The defendant alleged exceptions.

*W. R. Donovan,* (*J. T. Connolly* with him,) for the defendant.

*G. W. Arbuckle,* (*O. V. Fortier* with him,) for the plaintiff.

RONAN, J.    The defendant owned and conducted a public garage upon Waldo Street, so called, a dead-end private way in Brookline. At six o'clock on the evening of Feb-

ruary 10, 1933, the plaintiff drove his automobile into this garage for the purpose of leaving it there until he called for it later in the night. He stopped his automobile on the first floor a short distance from the entrance, received a ticket from the attendant and went out of the building through the same door by which he had entered. The plaintiff had never before been in this garage.

The defendant's premises had three entrances, a large center door for the use of motor vehicles and on either side and a few feet away an ordinary sized door. The door farther down Waldo Street we shall call the westerly door and the other the easterly door. The westerly door led directly into the garage. A cement landing extended about two and one half feet from the inside of the easterly door to an iron stairway which descended eighteen to twenty feet to the boiler room. Although the two side doors were of the same general design there were apparent differences in the construction of the doors and transoms, but it is unnecessary to detail such differences as the jury could find that the plaintiff had never seen the westerly door (as distinguished from the doorway) and that he had seen the easterly door only a few seconds before he was injured. The plaintiff when he left his automobile noticed that one could leave the garage through this westerly doorway.

The jury could find that the plaintiff, with two companions, returned to the garage about two o'clock on the morning of February 11, 1933, and that, as they came along the middle of Waldo Street, there were no lights upon this private way or upon the outside of the garage. They tried to open the center door but were unable to do so. They then inspected this door to determine if it contained a smaller door through which a person might pass. They did not find any such door. They looked through the glass in the center door and saw a dim light inside the garage. They rapped upon the door but none of the defendant's employees heard them, although one was busy in the stock room, a short distance away, checking figures. They then looked to see if there was another entrance to the garage. One of the plaintiff's friends walked to the

right and opened the easterly door, and the plaintiff, believing that he was then using the westerly door, stepped inside and almost immediately fell down the iron stairway. The landing to this stairway was in complete darkness, and the plaintiff did not stop to think that it could not have led into that portion of the garage where automobiles were kept, as he could not then see the light inside the garage which he had just previously seen through the windows of the center door. The jury returned a verdict for the plaintiff, and the case is here upon the defendant's exception to the refusal of the judge to grant its motion for a directed verdict.

The defendant was engaged in conducting a public garage and seeking the patronage of those who desired to have their automobiles stored, washed and given service. It was bound to keep its premises in a reasonably safe and suitable condition for the use of those who entered thereon for the purpose of transacting, with the defendant, the business for which the property was apparently adapted and maintained. If the presence of such a person upon the premises was likely to be attended by a peril not open and obvious and concerning which he had no knowledge, then the defendant, if it knew or ought to have known of such danger, was obliged to warn such person or to take other appropriate measures to avert injury to him. *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189. *Kennedy* v. *Cherry & Webb Co. Lowell,* 267 Mass. 217, 219. *Kelley* v. *Goldberg,* 288 Mass. 79. The plaintiff had the right to enter the garage in order to obtain his automobile, and the defendant, whose liability depended not only upon the scope of the invitation extended to the plaintiff but also upon the terms of the bailment in accordance with which it had accepted the custody of the plaintiff's property, was required to permit him to enter by the usual means furnished by the defendant and under such conditions as the defendant should properly prescribe for his reasonable safety and convenience. *Judson* v. *American Railway Express Co.* 242 Mass. 269. *Murphy* v. *Huntley,* 251 Mass. 555.

The plaintiff, however, in order to recover must show

that there was a breach by the defendant of a duty which it owed him and that such breach caused his injuries. The defendant's duty is measured and limited by the nature of the invitation held out to the plaintiff. In the absence of evidence as to the provisions of the contract of bailment, we assume that they were not broader than the invitation. If the plaintiff was injured while upon a portion of the premises to which he was not induced to go by the defendant in the transaction of the business between them, then, while there, he could not demand the exercise of reasonable care toward him by the one in control and management of the locus. *Holbrook* v. *Aldrich*, 168 Mass. 15. *Guiney* v. *Union Ice Co.* 225 Mass. 279. *Lanstein* v. *Acme White Lead & Color Works*, 285 Mass. 328. *Herman* v. *Golden*, 298 Mass. 9.

The main question is whether or not the plaintiff could have been found to have been an invitee in using the easterly door as an entrance to the place where his automobile was stored. It is clear that there was no express invitation for him to do so. But the jury could consider the location of the three doors and the apparent purpose for which they were intended. They could find that the center door was locked at a time when the defendant's premises were not closed to business, and that it was reasonable to expect, in the absence of any smaller door in the center door which would permit a person to enter the garage, that another means of ingress was available for the use of persons who came to get their automobiles. They could find that the defendant had extinguished all lights on the outside of its garage and left only a dim light burning in the inside, and had permitted the easterly door to be unlocked at that hour of the morning, and that this door was the first one that all persons would pass in coming to the garage on this dead-end street. The defendant had furnished the westerly door as a means of ingress to the garage, and the jury could find that such a doorway was reasonably necessary and convenient when the center door was closed, especially when the record does not show that there was any method of signalling by an electric button

or other means to announce the presence of those desiring to enter when the main door was closed. We cannot say that such circumstances, with others appearing in the evidence, when considered in conjunction with each other, were not sufficient fairly to constitute a representation that the easterly door was intended as an entrance to the garage. The plaintiff was entitled to rely to a reasonable extent upon appearances even though he misjudged the actual situation. *Wills* v. *Taylor*, 193 Mass. 113. *Clark* v. *American Express Co.* 197 Mass. 160. The fact that this door was left unlocked did not of itself constitute an invitation to enter, *Gaffney* v. *Brown*, 150 Mass. 479, but the plaintiff was entitled to have this fact viewed in the light of all the attending circumstances. If the jury could find, as we think they could, that the plaintiff was an invitee at the time he was injured, then it is clear that the determination of the defendant's negligence was properly left to the jury. *Humphreys* v. *Portsmouth Trust & Guarantee Co.* 184 Mass. 422. *Wills* v. *Taylor*, 193 Mass. 113. *Jacobsen* v. *Simons*, 217 Mass. 194. *Pope* v. *Willow Garages Inc.* 274 Mass. 440.

Ordinarily, one who gropes his way along in the darkness of a strange place and falls down a stairway or into an elevator well is lacking in due care, *Benton* v. *Watson*, 231 Mass. 582; *Osgood* v. *Therriault*, 290 Mass. 513, but the issue must be determined upon the particular facts in each case. *Hydren* v. *Webb*, 219 Mass. 542, 546. *Goldstein* v. *Slutsky*, 254 Mass. 501, 505. There was evidence that the plaintiff had mistaken the entrance for one which a few hours before he had observed led directly from the street to the garage, and due to the short distance between the easterly door and the iron stairway, it could have been found that the plaintiff fell before he had a reasonable opportunity to ascertain that he was mistaken in his choice of the entrance to the garage. Taking, as we must, the view of the evidence most favorable to the plaintiff, we cannot say that it required a verdict for the defendant. Neither can we say that the jury were not warranted in finding that the burden of proving contributory negligence

of the plaintiff had not been sustained.  *Goldstein* v. *Slutsky*, 254 Mass. 501.  *Pope* v. *Willow Garages Inc.* 274 Mass. 440.

*Exceptions overruled.*