DAVID SKIDD *vs.* PETER QUATTROCHI.

Berkshire.    September 19, 1939. — November 29, 1939.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Negligence*, Invited person, One owning or controlling real estate, Contributory.

Evidence warranted findings that a prospective customer on the premises of an automobile dealer at his invitation was justified in assuming that an unlocked and unguarded door opening from a yard into the dealer's building led into the offices and showroom, rather than to a steep stairway without a landing at the top, down which he fell, that he was an invitee in entering the door, and that the dealer was negligent toward him; and did not require a ruling that he was guilty of contributory negligence.

TORT. Writ in the Superior Court dated May 11, 1938. The action was heard by *Leary*, J.

*R. H. Tilton*, for the defendant.

*S. E. Bloomberg*, for the plaintiff.

DOLAN, J.    This is an action of tort to recover compensation for personal injuries sustained by the plaintiff in circumstances hereinafter recited. The case was tried to a judge without a jury. The judge viewed the premises involved. The case now comes before us on the report of the judge, who denied the defendant's motion for a finding in his favor and his requests for certain rulings; found the facts, and assessed damages in the sum of $1,700.

There was evidence that the defendant was the owner and sole occupant of certain premises in the city of Pittsfield, where he conducted a business of buying and selling new

and used automobiles and of repairing the same. The building located on the premises faced easterly on East Street. On that side of the building there was a main entrance consisting of a large door through which automobiles might be driven, and a smaller door on each side. On the south side of the building there was a large open lot owned by the defendant, where he exhibited used cars for sale. A driveway from East Street leads to this lot. At the middle of the south side of the building, facing this lot, was an entrance to the repair shop, the door thereto being of the so called overhead type. It was of sufficient width to permit the entry of automobiles, and contained a small door for use when the main door was not open. There was a window in the building beside this door, and next to this window was a small door, and beside that door another window.

As a result of a previous conversation with one of the defendant's salesmen, the plaintiff went to the defendant's place of business on December 3, 1937, "between nine and ten o'clock in the morning," intending to purchase an automobile, which was located in the defendant's yard. The plaintiff "had been down to the defendant's place of business about two years prior to the date of the accident, but . . . [then] the defendant's offices were located in the rear of the building over the service station." The location of the salesroom at the time of the accident was "new" to the plaintiff.

After having examined the automobile, which the defendant's salesman had demonstrated for him the day before the accident, the plaintiff started to go to the rear of the building intending to enter the salesroom. Through the window to the east of the garage door at the south side of the building he saw "girls working in the office." Through a large window facing the yard he observed automobiles on the floor. At this time he was talking with a friend at a point about eight or nine feet from the smaller door before referred to. He opened this door, which swung inward, and, before he had time to "center" himself, fell to the bottom of an abrupt flight of stairs composed of seven steps. In order to enter this door, "it is necessary to step up on to a

sill . . . six inches in height and six or seven inches in width when the door is opened." There is no landing within.

The judge denied the defendant's requests for rulings that there was no evidence of negligence on the part of the defendant; that there was no invitation, express or implied, by the defendant to the plaintiff to use the door in question; that in making use of it the plaintiff was a bare licensee; that the defendant violated no duty owed to a licensee; and that there was no express or implied invitation by the defendant to the plaintiff to enter the private office of the defendant. The judge found certain subsidiary facts substantially in accord with those already recited. He also found that the plaintiff was lawfully upon the premises involved at the invitation of the defendant; that the "maintenance of said door with its appearance and in the place where it was located, constituted an invitation to . . . the plaintiff to enter it, as from its appearance one would be justified in assuming that the door led into the office and the show room of the defendant"; and that the plaintiff without contributory negligence on his part fell into the basement of the building and, by reason of the negligence of the defendant, sustained injuries.

The settled principles of law which must be applied to the facts in the present case are set forth in *Palmer* v. *Boston Penny Savings Bank*, 301 Mass. 540. It would serve no useful purpose to repeat them here.

The plaintiff came upon the defendant's premises, at the request of the defendant's employee, in connection with the business in which the defendant was engaged. While such an invitation does not necessarily extend to all portions of the premises, the finding of the judge that the situation of the door was such as to justify the plaintiff in assuming that it led into the office and showroom of the defendant was warranted by the evidence. The plaintiff was entitled to rely to a reasonable extent upon appearances, even though he misjudged the actual situation. *Wills* v. *Taylor*, 193 Mass. 113. There was sufficient evidence to warrant the finding of the judge that the defendant's negligence was the cause of the plaintiff's injuries. The evidence discloses

that the defendant left the door in question, which, as before pointed out, the plaintiff could reasonably assume led to the office and showroom, unlocked and unguarded. The stairway was steep and made dangerous by the absence of any landing at its top.  A conclusion was warranted that the defendant did not use reasonable care to keep the premises in a reasonably safe condition for the plaintiff's use as a business invitee. *Pope* v. *Willow Garages Inc.* 274 Mass. 440, 443, and cases cited.  The burden of proving contributory negligence was on the defendant, G. L. (Ter. Ed.) c. 231, § 85, and we think that it cannot be said as a matter of law that the evidence did not warrant the finding of the judge that the plaintiff was not guilty of contributory negligence.

*Judgment for the plaintiff in the sum of $1,700.*