Pettengell, P. J.
Action of tort for personal injuries. The plaintiff, a patron of an eating place, desired to visit an upstairs portion of the premises which recently had been renovated. To do this, following information given her by an employee of the defendant, she opened a door swinging out from the room in which she had been eating into a hallway in which there were stairs leading to the rooms above. When the door was opened there was step down which, from the photographs offered in evidence and exhibited to this Division, would appear to be a normal step with an eight or nine inch drop. The answer is a general denial and an allegation of contributory negligence.
The defendant filed two requests for rulings, as follows:
“1: Upon the evidence in this case and as a matter of law, the defendants are entitled to judgment in their favor (a) for the reason that nothing has been shown *2 upon which a finding of negligence could be made out against the defendant; (b) By the case of Sterns v. Highland Hotel Co., 307 Mass. 90; (c) The plaintiff having admitted that there was no act of negligence of the defendant and that the plaintiff relies entirely upon the structure, this is not sufficient to make out a case for the plaintiff, because the defendant owed the plaintiff no obligation to change the structure.
“2. The plaintiff, on her own evidence, was a bare licensee. ’ ’
The trial judge denied both rulings with the, comment, “denied as I find the facts to be otherwise.” He made the following findings of facts:
“Counsel having informed the Court that the structurc of the premises where the alleged accident occurred was the same as on the date when the accident occurred, the Court has taken a view at the conclusion of the evidence. I find the passage way through which the plaintiff fell is 29" wide and the step from which she fell is of a height varying on its location of from 8-8%". I find that the doorway swings outward from the direction in which the plaintiff was walking at the time and that when shut its outer side is almost flush with the outer edge of the step. It thus precipitates a sharp drop without warning when the door is opened from the opposite. side of the drop. I find that in the absence of any warning signs or circumstances, which condition prevailed on the day of the accident, there was a dangerous condition created in violation of a duty owed to the plaintiff. I find that the plaintiff was oil the premises as an invitee and that she was in the exercise of due care at the time.”
There was a finding for the plaintiff.
It is apparent from the finding of facts made by the trial judge that the case was disposed of and the finding made for the plaintiff, not on the grounds of any defective condition of the premises as to repair, or any negligent maintenance of them, but because the trial judge ruled that the *3 construction of the premises constituted a dangerous condition, the fact that the door opening out was so close to the edge of the step down as to make the door when shut “almost flush with the outer edge of the step,” being in his mind an important element, and that he considered important also, the fact that there were no warning signs.
In our opinion there was prejudicial error in the disposition of the defendant’s first requested ruling, first, because the facts found by him are not an adequate disposition of the request, as stated in subdivision (a) of the request, and second, because the finding of facts discloses that he was not applying the proper rule of law to the facts found, but was deciding the case contra to the principle of law applicable.
In reaching this conclusion we do not pass upon the plaintiff’s status, whether invitee or licensee, that status not being determinative of the result, nor do we pass upon the issue of contributory negligence (there being evidence that the plaintiff when passing through the door where she fell had turned around and was looking behind her to locate another person), but rest our conclusion upon the denial of subdivision (a) of the defendant’s first requested ruling as has been stated already.
The contention of the plaintiff as stated in its brief and at the oral argument is that the construction of the defendant’s premises was in itself a defect, it being alleged that there was “a precipitous drop creating a dangerous condition.” Nothing else but this alleged defect of construction appears in the ease to provide a basis for a claim of a defect. The photographs before us show a hallway with a door leading from the room where the plaintiff had been eating, and a step down from that room to the hallway. The construction as demonstrated by the pictures is complete, in perfect repair, clean, well kept and in no way defective. *4 The trial judge in his findings of fact places the liability of the defendant squarely upon the existence of a dangerous condition, definitely referring to the sharp drop “precipitated” by the construction. There is no reference by him to any condition caused by a lack of repair, or a want of proper care in maintenance. This issue raised by the plaintiff is emphasized by the trial judge who found a defective condition created by the construction of the premises.
The matter of a difference in levels is not a novel question having been before our courts on other occasions. In Ware v. Evangelical Baptist, &c Society, 181 Mass. 285, the Supreme Judicial Court said, at page 286,
“It is matter of common observation that in entering and leaving stores, halls, railway car stations and platforms, office buildings, and other buildings and places and private houses, adjoining surfaces are frequently at different levels, and the difference in level has to be overcome by one or more steps of greater or less height or by some other device. The same thing happens in the interior of buildings or structures. We cannot think that such a construction is of itself defective or negligent. There is nothing in the nature of things which requires that the floor of a room which is entered from a hall or corridor, especially in a building like the Tremont Temple Building, should be on the same level as that of a hall or corridor. Such may be the more usual and common construction, but there is nothing, we think, which requires it to be so at the peril of being regarded as defective or negligent, if it is not, and if suitable safeguards are not adopted to warn and protect those invited there.”
This principle of law has been adopted and followed in several cases. Hoyt v. Woodbury, 200 Mass. 343 at 245. Graham v. Pocasset Mfg. Co., 200 Mass. 195 at 196. Rynn v. Fox-New England Theatres, Inc., 299 Mass. 258 at 259, 260.
In Sterns v. Higland Hotel Co., 307 Mass. 90, at page 95, the Court said:
*5 “It is clear that the conditions at the entrance were open obvious, ... It must have been obvious to the plaintiff that the door was adapted for the use of . . . persons ... on their way in and out of the hotel. In Graham v. Pocasset Mfg. Co., 220 Mass. 195, the door through which the plaintiff was passing when injured, opened out upon a stairway. It was seven and one-half inches from the floor back of the door to the top riser, and a person in opening the door and stepping forward would step down seven and one-half inches to the top step. There was no evidence that the stairway was improperly lighted or out of repair, or in a defective condition. The plaintiff contended that the defendant was negligent in maintaining the stairway as it was constructed without warning him as to the manner of its construction ... It was said, however, at page 197, ‘We are of opinion that the presiding judge rightly ruled that the defendant was not negligent in maintaining its premises as shown by the evidence, or in failing to warn the plaintiff of the condition of the premises. ’ ”
In our opinion the case just cited is conclusive of the case under consideration both on the issue whether or not the construction of the defendant’s premises constituted an actionable defect and whether or not the defendant was under any duty to warn the plaintiff of the existence of the drop. In this latter respect the court said further in Sterns v. Highland Hotel Co., 307 Mass. 90, at page 96:
“Where a condition is obvious to any ordinarily intelligent person, it is the general rule that there is no duty on the part of the defendant to warn of the condition . . . The fact that no attendant was present is not evidence of the defendant’s negligence.”
In the instant case there was nothing but the drop down of one step. There was light enough in the room the plaintiff was leaving to make possible the reading of a menu. There was some light in the hallway but the plaintiff’s testimony was that she did not know how much nor where it *6 carne from. The photographs before us show a well lighted hallway but there may not have been as much light when the plaintiff fell as when the pictures were taken. There was, however, no other evidence about the light; what there was was in no event enough to sustain a contention that the defendant was negligent because of failure properly to light the premises.
It was error to deny that part of the defendant’s first request for judgment because “nothing has been shown upon which a. finding of negligence could be made out against the defendant.” As the giving of that ruling would have required a finding for the defendant, the finding for the plaintiff is to be vacated and judgment entered for the defendant.