EDITH ROSEN *vs.* BOSTON SYMPHONY ORCHESTRA, INC.

Suffolk.    March 8, 1944. — March 29, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Negligence,* Theatre, One owning or controlling real estate, Invited person.

Evidence warranted a finding that one who had entered a theatre after paying an admission charge had the status of an invitee when, walking past the second seat in a row of two seats on his way to put his coat upon a seat in a row in front, he fell and was injured because of an abrupt drop in the floor level at the farther side of the second seat, beyond which for a few feet there was at the lower level a "dead-end" unoccupied space narrowing to a few inches between the row in front and a pedestal.

A finding of negligence of the proprietor of a theatre toward a patron was warranted by evidence that, at a poorly lighted place in the theatre which the patron was invited to use, there was an abrupt drop of ten and one half inches in the floor level, whereby the patron fell and was injured, that the proprietor had known of such condition for months, and that there was nothing in the character or appearance of that place to suggest the existence of such condition to the patron.

TORT. Writ in the Municipal Court of the City of Boston dated July 6, 1943.

There was a finding for the plaintiff by *Donovan,* J. A report was ordered dismissed by the Appellate Division, and the defendant appealed.

*D. D. Leahy,* for the defendant.

*L. Schlesinger,* for the plaintiff.

RONAN, J. The plaintiff bought a ticket for an unreserved seat in the second balcony of the defendant's hall for the purpose of attending a concert. The floor of this balcony was at the same level as the door through which she entered. She turned to her right past the two seats that comprised the last or back row of seats and was on her way to put her coat upon a seat in the row in front when, due to an abrupt drop in the level of the floor, she fell and was injured. The two seats that comprised the last row extended from the doorway to one of the supporting piers of the hall. Beyond this pier was a marble column or pedestal which supported a bust. The front face of this pedestal was about three inches from the back of the seats in the row in front of it. The floor or platform on which the back row of seats rested continued at the same level as the entrance to the balcony until one travelled two inches beyond the second seat when there was a drop of ten and one half inches, and this lower level continued in front of the pier and up to the pedestal. The plaintiff testified that, while the lights were on, the place of the accident was poorly lighted. The defendant's manager testified that he had known of the condition where the plaintiff fell for months before the accident. The judge found that the platform or floor upon which the back row of these two seats was located was negligently constructed and maintained by the defendant. He refused rulings to the effect that the evidence would not warrant a

finding that the defendant was negligent or that the plaintiff's injury was caused by a defect of which the defendant knew or should have known. The defendant appealed from a decision of the Appellate Division dismissing its report.

The plaintiff was a business visitor of the defendant, which conducted a place of public entertainment, and the latter owed her the duty of keeping that portion of its premises which she was invited to use in a reasonably safe condition and to warn her by means of barriers, signs or otherwise of any danger that she might encounter in accepting the defendant's invitation, which was either known or should have been known to the defendant and of which she had no knowledge or could not reasonably be expected to have knowledge. *Tovey* v. *G. E. Lothrop Theatres Co.* 288 Mass. 346. *Shanney* v. *Boston Madison Square Garden Corp.* 296 Mass. 168. *Correira* v. *Atlantic Amusement Co. Inc.* 302 Mass. 81. *McGillivray* v. *Eramian,* 309 Mass. 430. *Matthews* v. *L & L Enterprises, Inc.* 314 Mass. 538.

A photograph included in the record shows the physical aspects of the locus. The plaintiff could trust to a certain extent to appearances, and she could reasonably believe, in the absence of anything to the contrary appearing, that the floor continued at the same level beyond the two rear seats and for the few feet more along which she intended to travel to put her coat on one of the seats in the row in front. *Palmer* v. *Boston Penny Savings Bank,* 301 Mass. 540. *Skidd* v. *Quattrochi,* 304 Mass. 438. There was nothing in the appearance of the place that suggested that there might be a change in the floor level such as one might reasonably expect to find between the street and a doorway of a building or between one room and another. See *Ware* v. *Evangelical Baptist Benevolent & Missionary Society of Boston,* 181 Mass. 285; *Abrahams* v. *Zisman,* 293 Mass. 375; *Sterns* v. *Highland Hotel Co.* 307 Mass. 90. The construction of a floor with a perpendicular drop of ten and one half inches could be found to be defective and unsafe, and its maintenance in that condition could be found to be evidence of the defendant's negligence if the invitation extended by the defendant included the use by patrons of the place where

there was this difference in the level of the floor. *Currier* v. *Boston Music Hall Association*, 135 Mass. 414. *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18. *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189. *Kennedy* v. *Cherry & Webb Co., Lowell,* 267 Mass. 217. *McCarthy* v. *Great Atlantic & Pacific Tea Co.* 292 Mass. 526. *Lombardi* v. *F. W. Woolworth Co.* 303 Mass. 417. *Barttro* v. *Watertown Square Theatre, Inc.* 309 Mass. 223.

The defendant points out that the plaintiff could not go beyond the marble pedestal and that the place where she was hurt was a "dead end" and contends that the plaintiff was not invited by the defendant to use it. There was, however, nothing about the physical aspects of the place to induce a patron to believe that it was not apparently designed for her use or that she could not properly travel over the place to put her coat on one of the seats in the row in front. Many occasions might be mentioned where a patron would be likely to use this space. It might be a convenient and a natural place to stand while removing or putting on an overcoat or outer wrap or for one to go to converse with a friend who was occupying a seat the back of which abutted this space, and it would be necessary to go there to pick up an article which fell from one of the seats in the row in front. There was nothing about the appearance, construction or location of that space that indicated that it was not open, available and adapted for the use of the defendant's patrons — at least a trier of facts could so find. Whether the plaintiff in travelling over this place at the time of the accident was acting within the scope of the defendant's invitation was a question of fact for the trial judge. *Gilbert* v. *Nagle*, 118 Mass. 278. *Wills* v. *Taylor*, 193 Mass. 113. *Marston* v. *Reynolds*, 211 Mass. 590. *Blood* v. *Ansley*, 231 Mass. 438. *Serota* v. *Salmansohn*, 256 Mass. 224. *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176. *Palmer* v. *Boston Penny Savings Bank*, 301 Mass. 540. *Skidd* v. *Quattrochi*, 304 Mass. 438. *O'Brien* v. *Harvard Restaurant & Liquor Co. Inc.* 310 Mass. 491.

There was no error in denying the defendant's requests for rulings.

*Order dismissing report affirmed.*