WILLIAM I. COATES *vs.* FIRST NATIONAL STORES INC.

Plymouth.    March 1, 1948. — April 1, 1948.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence,* Invited person, Store.

A verdict for the plaintiff was warranted in an action by a customer against the proprietor of a store for personal injuries sustained when the plaintiff, accompanying an employee of the defendant to inspect some fruit on display, went past a bulkhead partly covered and past an unguarded stairway leading downward into the bulkhead, and, upon turning after inspecting the fruit, fell down the stairway, of which he did not know, where the evidence warranted findings that the invitation by the defendant to the plaintiff as a customer extended to that part of the store whither he had followed the employee, that the stairway was not so open and obvious that the defendant was relieved of duty to warn the plaintiff concerning it, and that the defendant had not complied with that duty.

TORT.    Writ in the Superior Court dated June 5, 1942.

The action was tried before *Hurley,* J.

*John J. Sullivan,* (*J. A. Parrish* with him,) for the defendant.

*H. F. Hathaway,* for the plaintiff.

SPALDING, J.  In this action of tort for personal injuries sustained by the plaintiff while he was a customer in the defendant's store, the plaintiff had a verdict. The question to be decided is whether the judge erred in denying the defendant's motion for a directed verdict in its favor.

Facts which could have been found are these. On November 5, 1941, at about 4:30 P.M. the plaintiff entered the defendant's store on Washington Street, Whitman, and purchased a loaf of bread in the "self-service department." After leaving the store, he discovered that he had forgotten to take the bread with him, and returned to get it. Upon reëntering the store, the plaintiff saw some apples on the fruit and vegetable display stand [1] and asked the clerk, who

---

[1] Merchandise purchased at the fruit and vegetable counter would be put into a bag by the clerk and the customer would pay the cashier for it upon leaving the store.

was behind the counter, the price of them. The plaintiff then observed other apples which were on display in the window and "asked . . . about these." To get to the window from the fruit and vegetable stand one has to enter an alleyway about four feet wide which runs between the stand and a "kind of bulkhead" about three and one half feet high which is west of the stand and east of the window. Part of the bulkhead is covered. Beyond the covered portion and constituting one side of the alleyway is an extended arm made of sheathing about four feet long and three and one half feet high. This arm extends three to four feet beyond the landing step of a flight of stairs which leads to the cellar. The clerk, after informing the plaintiff of the kind of apples which were on display in the window, entered through the alleyway and moved toward the window. There were no signs or barriers at the entrance of the alleyway. As the clerk went toward the window the plaintiff followed "a little to his rear" and "as he turned right he didn't know he was going past a stairway." The clerk picked an apple out of the window and gave it to the plaintiff who, after inspecting it, agreed to purchase some. The space where the plaintiff and the clerk were standing was about four feet square. The plaintiff did not know nor was he told that there was an open staircase leading into the bulkhead. Turning to his left, the plaintiff "went head first backwards" down a flight of fourteen stairs leading to the cellar. He "couldn't see the stairway regardless of what was there." The stairway, which was six feet in width, was wide open; there was no gate or other device there. It was daylight when the accident happened and "the store was very light." At the place where he was standing at the time he fell there was "plenty of light." The plaintiff had been in the store daily since April, 1941, and was very familiar with the "general physical layout of the store," but at no time did he know of the existence of the stairway. Photographs showing that part of the store where the accident occurred are before us.

The defendant's motion for a directed verdict was rightly denied.

The defendant contends that in the circumstances disclosed here there was no invitation extended to the plaintiff to go to the place where the accident happened and consequently his status was that of a mere licensee. The defendant further contends that, even if it could have been found that the plaintiff went where he did at the defendant's invitation, the conditions were open and obvious and the defendant was under no duty to warn the plaintiff of them.

It is undoubtedly the law that "If without some special invitation, express or implied, a customer sees fit to pass from that part of the establishment where it is designed and expected that he shall be into other parts not designed or adapted for his use, but for the work of the place, he becomes at best a mere licensee, as to whom the owner or occupant has no duty to keep his premises safe." *Cowen* v. *Kirby*, 180 Mass. 504, 506. *Smith* v. *Simon's Supply Co. Inc. ante*, 84, 85, and cases cited. In the case at bar the plaintiff was on the defendant's premises at the latter's invitation. Whether the invitation extended to that part of the store where the accident occurred was, we think, a question for the jury to determine. *Blood* v. *Ansley*, 231 Mass. 438, 442. *Palmer* v. *Boston Penny Savings Bank*, 301 Mass. 540. *O'Brien* v. *Harvard Restaurant & Liquor Co. Inc.* 310 Mass. 491.

It could not be said as matter of law that the stairway, located as it was, was so open and obvious that the defendant owed no duty to warn, by means of barriers, signs or otherwise, those who, like the plaintiff, might be passing near it. The defendant was under a duty to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition, and to warn them of any dangers that might arise from such use, which were not likely to be known to them, and the existence of which the defendant knew or ought to have known. Whether the defendant here complied with that duty was a question of fact for the jury. In principle the case is governed by *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189, *Noble* v. *Park Enterprises, Inc.* 313 Mass. 454, 457–458, *Palmer* v. *Boston Penny Savings Bank*, 301 Mass. 540, 542, and *Rosen* v. *Boston Symphony Orchestra, Inc.* 315

Mass. 732, 734, rather than by *Murphy* v. *Cohen,* 223 Mass. 54, and *Sterns* v. *Highland Hotel Co.* 307 Mass. 90, on which the defendant relies.

*Exceptions overruled.*