LEONORA GURLL & another vs. THE MASSASOIT GREY-
HOUND ASSOCIATION, INC.

Bristol.    October 24, 1949. — November 30, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Negligence*, Race track.

Evidence merely of the maintenance of a "break in the continuity of
. . . [a] slope," consisting of a "drop" or step of six to eight inches
without a warning sign on premises where a race track was conducted
did not warrant a finding of negligence of the proprietor of the premises
toward a patron injured through a fall on the step while in a "dense
crowd" where it was "difficult to see."

TORT.    Writ in the Superior Court dated July 10, 1946.

The action was tried before *Warner*, J. ·

*J. J. Harrington & H. W. Radovsky*, for the plaintiffs,
submitted a brief.

*D. D. Leahy*, for the defendant.

SPALDING, J.   This action is brought by Leonora Gurll,
hereinafter called the plaintiff, for personal injuries sus-
tained while she was a business invitee on premises con-
trolled by the defendant.   By amendment a second count
was added in which the husband of the plaintiff sought
consequential damages.   G. L. (Ter. Ed.) c. 231, § 6A, as
inserted by St. 1939, c. 372, § 1.   Verdicts were returned
for the plaintiff and her husband which were recorded
under leave reserved.   Thereafter the judge entered verdicts
for the defendant subject to exceptions of the plaintiff and
her husband.   The correctness of this action presents the
only question for decision.

These facts could have been found:   The defendant
operates a race track in Raynham where dog racing is
conducted.   On the evening of July 21, 1945, between eight
thirty and nine o'clock, the plaintiff and her husband,

accompanied by their two children, after paying the admission price entered the defendant's premises through a turnstile. From there they proceeded "over smooth level terrain" to the vicinity of the bandstand, "which is an area north of the general racing ground." The plaintiff then left her family and walked "up a slight macadam incline" east from the grandstand toward the ticket sellers' windows. These windows were located sixty to seventy-five feet east of the track. "She then proceeded thirty feet from the said sellers' windows on a slight smooth decline." As she walked toward the track "the crowd was very dense" and she fell as she went through the crowd. The fall occurred about thirty feet from the ticket windows at a place where there was a "break in the continuity of the slope." It was a "drop" or step which was "not the conventional step that you see anywhere." The drop or step was "sixty feet long and six to eight inches in depth." There were no signs warning that the step was there. There were about twenty of these steps about three feet apart, and they were "curved like an amphitheater." The steps "descended from the spot where . . . [the plaintiff] fell, westerly to the race track." The ticket windows and the race track were seventy-five feet apart. The windows were lighted and there were lights around the track but between the races the track was not lighted. There were no lights within thirty feet of the place where the plaintiff fell. "With the dense crowd it was difficult to see in this area." When the plaintiff fell she was "milling into a dense crowd [which was] milling toward the track."

The bill of exceptions does not state that it contained all the evidence material to the question presented. This, of itself, is enough to justify overruling the exceptions but, as the result is unchanged, we consider the case on the merits. *McKin* v. *Siegel*, 256 Mass. 269. *Hall* v. *Smith,* 283 Mass. 166, 167.

The duty owed by the defendant to the plaintiff, an invitee, has been set forth in numerous decisions of this court and need not be restated. See *Crone* v. *Jordan Marsh*

Co. 269 Mass. 289, 291; *Kelley* v. *Goldberg*, 288 Mass. 79;
*Rynn* v. *Fox-New England Theatres, Inc.* 299 Mass. 258,
259; *Coates* v. *First National Stores, Inc.* 322 Mass. 563,
565. That duty was not violated here. "It is matter of
common observation that in entering and leaving stores,
halls, railway car stations and platforms, office buildings,
and other buildings . . . adjoining surfaces are frequently
at different levels, and the difference in level has to be
overcome by one or more steps of greater or less height or
by some other device. . . . We cannot think that such
a construction is of itself defective or negligent." *Ware*
v. *Evangelical Baptist Benevolent & Missionary Society of
Boston*, 181 Mass. 285, 286. One entering premises where a
race track is maintained cannot reasonably expect to find
all parts of the premises at the same level or expect that
there will not be steps or other devices between the levels.
There was no evidence of any defect in the step itself at
the place where the plaintiff fell, and we are of opinion that
neither the placing of a step at that point nor the type of
construction can be said to be negligent. The case is gov-
erned in principle by *Ware* v. *Evangelical Baptist Benevolent
& Missionary Society of Boston*, 181 Mass. 285, 286, *Hoyt* v.
*Woodbury*, 200 Mass. 343, 345, *Pastrick* v. *S. S. Kresge Co.*
288 Mass. 194, *Rynn* v. *Fox-New England Theatres, Inc.*
299 Mass. 258, and *Sterns* v. *Highland Hotel Co.* 307 Mass.
90. See *Lord* v. *Sherer Dry Goods Co.* 205 Mass. 1, 3. Com-
pare *Kennedy* v. *Cherry & Webb Co. Lowell*, 267 Mass. 217;
*Rosen* v. *Boston Symphony Orchestra, Inc.* 315 Mass. 732.
The count of the plaintiff's husband for consequential
damages falls with the plaintiff's case. *Brazinskos* v. *A. S.
Fawcett, Inc.* 318 Mass. 263, 267.

*Exceptions overruled.*