No. 4588

## ELSIE BARNARD

### v.

## McLELLAN STORES COMPANY

(November 6, 1952)

*ENO, J.* This is an action of tort for negligence by which the plaintiff seeks to recover for personal injuries sustained by falling as a result of an alleged defect in the defendant's place of business. The defendant's answer contains a general denial and a plea of contributory negligence.

The facts reported may be summarized as follows: The defendant operates a department store in Lynn. Besides the main entrance on Union Street, there is another on Mulberry Street. This consists of "two stairs leading down from the main floor level to a platform, and from said platform to a 'swinging door.' The said platform ends (or drops) immediately on the other side (or outside) of said 'swinging door,' there is another platform and two more stairs, which stairs lead to the sidewalk level. Between the inside and the outside platforms, *there is a drop of six inches in depth."* This condition had existed for some time. Over the top of said door, there was a sign, sixteen inches long and five inches deep, reading "Watch Your Step," in letters contained in a space two inches wide and five inches long, which plaintiff admitted she saw, but thought it was meant for the stairway. There was also evidence that this sign was illuminated, and that there was no other sign or warning of the drop in the platforms.

On the date she received her injuries plaintiff was a customer of the defendant, having made certain pur-

[75]

chases, and was leaving the store through the Mulberry Street exit, with bundles in her arms, about the noon hour. "As she opened the door and" attempted to step out, she fell and received her injuries, because "there was no continuation of the platform, but instead there was a drop in the platform immediately on the other side of said door."

The trial judge took a view of the premises, made a finding substantially of the above facts, in which he added that "in principle this case appears to be indistinguishable from the facts in the case of *Rosen* v. *Boston Symphony Orchestra,* 315 Mass. 732," and found for the plaintiff.

Although he made no specific findings as to a defect in the premises, his general finding for the plaintiff implies that he did so find.

The defendant filed twenty-one requests for rulings, out of which the court allowed 10, and denied the following:

"6. There is no evidence of negligence upon the part of the defendant.

7. A finding is warranted that the Mulberry Street exit to McLellan Stores Company whereat the plaintiff fell was free from defects.

8. There is no evidence that there was a defect at the exit which was known or should have been known by the defendant prior to the alleged accident.

9. A finding is not warranted that the defendant knew or should have known of any defect at the exit.

10. There is not any evidence to warrant a finding that any negligence of the defendant was a proximate cause of the plaintiff's injury and damage.

11. If there was a defect in the stairway, it was such as would be disclosed to either the plaintiff or the defendant by reasonable inspection.

12. There is some evidence that the plaintiff was guilty of contributory negligence is warranted by the evidence.

13. A finding that the plaintiff was guilty of contributory negligence is warranted by the evidence.

14. There is some evidence that the plaintiff assumed the risk of injury.

15. A finding that the plaintiff assumed the risk of injury is warranted by the evidence.

17. As a matter of law, the evidence requires a finding for the defendant.

18. Upon all the law and all the evidence, a finding for the defendant is warranted because:

B. The evidence does not warrant a finding that the defendant was negligent.

C. The evidence does not warrant a finding that there was a defect in the stairway of which the defendant knew or should have known.

D. The plaintiff failed to exercise reasonable care in walking out of said exit.

E. The cause of the plaintiff's injuries is left in the field of conjecture and surmise, and therefore, the plaintiff does not sustain the burden of proof."

In the case of *Rosen v. Boston Symphony Orchestra,* which the trial judge found was indistinguishable from the one at bar, the plaintiff was on the last row of seats, where the floor was of the same level as the door by which she entered. She turned to her right past the last two seats of the row to put her coat on the seats in front. The platform on which the back row of seats rested continued at the same level as the entrance until one travelled two inches beyond the second seat where there was a drop of $10\frac{1}{2}$ inches, where she fell and was injured. There was also testimony that while the lights were on, the place was dark.

The Court held that that could be held defective, but hinted that it might be different if the place had suggested "a change in the floor level such as one might reasonably expect to find between the Street and a doorway of a building or between one room and another."

We think that case can be distinguished from the one at bar. Here we have no evidence of darkness, or of any defect, a stairway leading to the outside, a doorway between two stairs, with a condition one could reasonably expect in going out of a building, and *a drop of only six inches.*

There is no question but that the plaintiff was a business invitee of the defendant, and as such it "owed to her the duty to use reasonable care to keep the premises in safe condition for her use as a customer, or at least to warn her against any dangers attendant upon this use which were not known to her or obvious to any ordinarily intelligent person and either were known or in the exercise of reasonable care ought to have been known to the defendant."

*Crane* v. *Jordan Marsh Co.,* 269 Mass. 289, 291; *Berube* v. *Economy Grocery Store,* 315 Mass. 89. In *Ware* v. *Evangelical Baptist Benevolent & Missionary Society of Boston,* 181 Mass. 285, 286 a drop of 4⅞ inches from the floor of the room to that of a hallway was not of itself defective or negligent.

In *Hoyt* v. *Woodbury,* 200 Mass. 343, 345, it was not negligence to construct a door opening out onto an outside platform 3¼ inches directly below the outside door.

In *Rynn* v. *Fox-New England Theatres, Inc.,* 299 Mass. 258, an action by a patron against the defendant's moving picture theatre, it was held that there was no structural defect in a drop of five or six inches from the level of the floor to that upon which another row of seats was placed.

In *Sterns* v. *Highland Hotel Company,* 307 Mass. 90, a drop approximately 4½ inches from the floor level to a sidewalk outside a revolving door was open and obvious.

Finally, the court in *Gurll* v. *The Massasoit Greyhound Association, Inc.,* 325 Mass. 76, again followed *Ware* v. *Evangelical Baptist Benevolent & Missionary Society of Boston, supra,* citing therefrom the following:

"It is a matter of common observation that in entering and leaving stores, halls, railway car stations and platforms, office buildings, and other buildings . . . adjoining surfaces are frequently at different levels, and the differences in level has to be overcome by one or more steps of greater or less height or by some other device. We cannot think that such a construction is of itself defective or negligent."

We are of the opinion that the case at bar is governed in principle by *Ware* v. *Evangelical Baptist Benevolent & Missionary Society of Boston,* 181 Mass. 285, 286, and is distinguishable from *Rosen* v. *Boston Symphony Orchestra on which the trial judge relied in making his finding for the plaintiff.*

It was prejudicial error therefore to deny defendant's requests numbered 6 and 17.

The finding for the plaintiff is to be vacated and a new finding entered for the defendant.

Benjamin Glosband, for the plaintiff.

Carl V. Joslin, Jr., for the defendant.