### Northern District
### No. 5822
### MARGARET F. CARROLL
### v.
### ALMY, BIGELOW & WASHBURN, INC.
### April 15, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Troy, J.* in the First District Court of Essex (Salem). No. R 453.

*Brooks, P. J.* This is an action of tort to recover for personal injuries caused by a fall on defendant's premises by reason of allegedly defective steps. The answer is gennral denial

and contributory negligence.

*There was evidence tending to show the following:*

Plaintiff and her sister were shopping in defendant's store on October 12, 1960, sometime between 2:00 and 3:00 P.M. They had entered the store by an entrance at which the door was on the same level as the floor inside. Plaintiff had made some purchases and, with her sister, was making her way through the store which was very crowded because it was opening day. The exit was in the part of the store different from the place where she had entered. As she approached the exit, she fell with the sensation of "floating in air." She was helped up by two men.

The three steps where plaintiff fell were the same color as the floor,—namely, a light cream color. Plaintiff, her husband and sister, as they approached the area where plaintiff fell, could observe nothing to indicate a change in level of the floor at the point where the accident happened. These steps were 20 feet wide, there was no banister, barrier, sign or anything else to warn customers that a stairway was there. The bottom step was about 15 feet from the exit over which was a sign.

Defendant made the requests for rulings which are set forth later.

The court denied ♯1, ♯2 and ♯3 and allowed ♯4 and ♯5.

The court made the following findings and rulings:

I find for plaintiff and assess damages in the sum of $2,800.00. As to defendant's requests for rulings:

"1. The evidence does not warrant a finding for the plaintiff on her declaration." *Denied, I find that plaintiff was in the exercise of due care, properly on the premises and was injured by reason of a condition unsafe for which the defendant was responsible.*

"2. The evidence does not warrant a finding that the defendant was negligent." *Denied, and I find that the defendant was negligent in that he allowed the steps to remain in an unsafe condition.*

"3. The evidence does not warrant a finding that the steps referred to in the plaintiff's declaration were defective." *Denied.*

"4. The evidence does not warrant a finding of negligent construction of the steps referred to in the plaintiff's declaration." *Allowed, but I find that the said construction dia create a condition that did cause injury to the plaintiff and for which the defendant was responsible.*

"5. The evidence does not warrant a finding of negligent construction of the steps referred to in the plaintiff's declaration since, 'It is a matter of common observation that in entering and leaving stores, halls, railway car stations and platforms, office building and other buildings adjoining surfaces are frequently at different levels, and the difference in level has to be overcome by one or more steps of greater or less height or by some

other device . . . Such construction is (not) itself defective or negligent.' " *Allowed, but I find that such an unsafe condition did exist that would and did cause injury to the plaintiff, and said condition being the responsibility of the defendant.*

Defendant claims to be aggrieved by the findings of the court and by the court's denial of its requests #1, #2 and #3.

There is no doubt as to the duty of a storekeeper to keep his premises reasonably safe for customers. The rule is stated again and again. As for example in *Coates v. First National Stores,* 322 Mass. 563, the court said at 565:

"The defendant was under a duty to use due care to keep the premises, provided for the use of its patrons, in a reasonably safe condition and to warn them of any dangers that might arise from such use which were not likely to be known to them and the existence of which the defendant knew or ought to have known. Whether the defendant here complied with that duty was a question of fact for the jury."

In that case the plaintiff fell down a stairway located close to a vegetable stand where he was being waited on. He had not noticed the stairs although he "was very familiar with the general physical layout of the store." There was "plenty of light" in the store. There was no gate or other device to warn customers of the presence of stairs. Defendant argued that conditions were open and obvious and defendant was under no duty to warn

plaintiff of this. The judge denied defendant's motion for a directed verdict. In sustaining the judge the court said at 565:

> "It could not be said as a matter of law that the stairway, located as it was, was so open and obvious that the defendant owed no duty to warn by means of barrier, signs or otherwise those who like the plaintiff might be passing near."

The judge in the case before us denied a request that the evidence did not warrant a finding for the plaintiff. This request was equivalent to a request for a ruling that plaintiff was not entitled to recover as a matter of law. It was a request similar to the motion for a directed verdict in *Coates v. First National Stores*, 322 Mass. 563. There is evidence in the present case that the color scheme of the stairs was sufficiently confusing as to deceive not only plaintiff but also her husband and sister. This fact, coupled with the evidence of a crowd and complete absence of a banister, barrier or sign, amounted to evidence of neglect which the trial judge weighed and, like the jury in the *Coates* case, found to constitute negligence. The judge also found the corolary of this, namely, that the plaintiff was in the exercise of due care.

Another case in point is *Rosen v. Boston Symphony Orchestra, Inc.*, 315 Mass. 732. There plaintiff was walking to her seat in the balcony in Symphony Hall, Boston. She entered the balcony on the same level as the floor in the corridor. Turning to her right she walked past two seats in the last row

then fell at a point where there was an abrupt drop in the level of the floor. The court, after stating the general rule above annunciated, said at 734:

> "The plaintiff could trust to a certain extent to appearances and she could reasonably believe in the absence of anything to the contrary appearing that the floor continued at the same level beyond the two rear seats and for the few feet more along which she intended to travel to put her coat on one of the seats in the row in front. *Palmer v. Boston Penny Savings Bank,* 301 Mass. 540; *Skidd v. Quattrochi,* 304 Mass. 438. There was nothing in the appearance of the place that suggested that there might be a change in the floor level such as one might reasonably expect to find between the street and the doorway of a building or between one room and another.

> "The construction of a floor with a perpendicular drop of 10½ inches could be found to be defective and unsafe and its maintenance in that condition could be found to be evidence of the defendant's negligence."

*Gurll v. Massasoit Greyhound Assoc., Inc.,* 325 Mass. 76 cited by plaintiff is somewhat different on its facts from the case before us. It is not the ordinary case but outdoors at a racetrack.

This subject has been discussed from both angles and at length with citation of cases in *Letiecq v. Denholm and McKay Co.,* 328 Mass. 120. Also in 66 A.L.R. Second, more especially at p. 353.

The question here is whether this case, all

things considered, is more like the *Gurll* case
or the *Coates* and *Rosen* cases. The facts
which distinguish the two types of cases are
that in the present case on the testimony not
only of the plaintiff but of two other witnesses
the color scheme was confusing and a com-
mon precaution was not used, namely, mark-
ing the top step with a white line or using
a rail or some other device to call the step
to the customer's attention. We are not dis-
posed to rule that the trial judge was wrong.
*Report Dismissed.*

A. Kenneth Carey, of Danvers, for the Plaintiff.

John Arthur Johnson, of Boston, for the De-
fendant.