MARTIN McMENIMON *vs.* FRANKLIN A. SNOW.

Bristol.    October 26, 1914. — November 23, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Evidence,* Opinion: experts, Matters of common knowledge. *Negligence,* Employer's liability.

The unloading of a tool box seven and one half feet long, three and one half feet wide and four and one half feet high, having a peaked roof, containing loose tools and weighing with its contents fourteen hundred or fifteen hundred pounds, to a sidewalk from a truck, whose platform was below the level of its axles, is a matter of common knowledge so simple and so easily understood that a jury, in determining whether a certain method used by an employer was proper, would not be aided by the opinion of experts.

In an action by an employee against his employer for personal injuries received while the plaintiff was assisting to unload a large box from a dray to a sidewalk, the plaintiff contended that the defendant was negligent because of the means adopted in the unloading and in not providing a sufficient number of men for the work. The weight of the box was material. The plaintiff testified that he thought that it weighed fourteen or fifteen hundred pounds, and the defendant's evidence was that it weighed five hundred pounds. After the defendant's evidence as to the weight was introduced, the plaintiff was recalled and was asked by his counsel whether he thought, if the box weighed five hundred pounds, that three men "could handle it," a negative answer being expected. The evidence was excluded. *Held,* that the evidence was excluded rightly, because the question sought merely the plaintiff's opinion on a hypothetical question, and its answer would have had no bearing on his state of mind at the time of the accident or on the question of his due care.

In the same action the opinion of the superintendent of the defendant, as to whether a certain method of unloading the box by tipping it up was proper, was *held* to be inadmissible, where it appeared that the superintendent was not present when the unloading was being done, had given no instructions as to the method of unloading and had no reason to know that the box would be tipped up in removing it, his state of mind not being material and his opinion not being admissible.

CROSBY, J.   While in the employ of the defendant the plaintiff received personal injuries which he alleges were the result of the negligence of the defendant's superintendent and acting superintendent. The evidence showed that the plaintiff was so injured while assisting in unloading a tool box from a wagon or dray called a "low gear." This vehicle was so constructed that its floor or platform was hung between the wheels near to the ground to facilitate the loading and unloading of heavy objects. There

was evidence to show that three tool boxes were loaded on the low gear at the freight station in Fall River, and that two of them were so loaded by placing iron rollers under the boxes and rolling them from the floor of the freight station on to the low gear; that they were so loaded by eight men, and that this work was done under the direction of the defendant's superintendent, McGonagle. Another employee of the defendant, Farrington, was also present. He was sometimes called the time-keeper, "who the jury could find was acting as superintendent at the time of the accident, in the absence of the superintendent, with the knowledge and consent of the defendant." The record recites that "when the tool boxes were being unloaded, the jury could find that the work was in charge of . . . the time-keeper, who was directed by the superintendent McGonagle to take two of the defendant's men and the low gear and the driver and superintend the unloading of the three tool boxes."

There was further evidence to show that when one of these tool boxes was being unloaded under the direction of Farrington, one end of the box was tipped up, and the plaintiff, in order to help swing the corner of the box around over the wheel, jumped over the wheel and got hold of the box on the sidewalk, when "the tools in the box, which were placed loosely, shifted, causing Hill and Rock to let go, throwing the box over on the plaintiff and breaking his leg."

The tool boxes were oblong in shape, seven and one half feet long, three and one half feet wide, and four and one half feet high, with a peaked roof or cover. The evidence as to the weight of the box, with its contents, that fell on the plaintiff was conflicting. The plaintiff offered evidence to show that it weighed fourteen hundred or fifteen hundred pounds, while the evidence offered by the defendant was that its weight was from four hundred and seventy-five to five hundred pounds.

The contention of the plaintiff is that the defendant was negligent because of the means adopted in unloading the box, and also because he did not provide a sufficient number of men for the safe performance of the work. All of his exceptions relate to the exclusion of evidence.*

---

\* The case was tried in the Superior Court before *Wait*, J. The jury found for the defendant; and the plaintiff alleged exceptions.

1. We think that the proper method of unloading the tool box, even with the tools in it, was a matter about which the jury would not be aided by the opinion of experts. The unloading of such a box from the low gear to the sidewalk would not seem to involve any particular science, trade or craft, but was a matter of common knowledge so simple and so easily understood that it may be presumed to be within the ordinary experience of men of common observation and understanding. For this reason all of the exceptions based upon the exclusion of opinion evidence must be overruled. *Meehan* v. *Holyoke Street Railway*, 186 Mass. 511. *Doherty* v. *Booth*, 200 Mass. 522, 526. *Whalen* v. *Rosnosky*, 195 Mass. 545.

2. After the plaintiff had testified in chief, the defendant's answers to interrogatories were read, and in these answers it was stated that the box and its contents weighed probably four hundred and seventy-five to five hundred pounds. The plaintiff was then called by his counsel and asked, "If the box weighed five hundred pounds and its contents, whether you thought then that three men could handle it?" This evidence was excluded. The plaintiff contends that the evidence was competent as tending to show the plaintiff's state of mind, and so would have had a bearing on the question of his due care. The plaintiff testified that from his experience as a longshoreman he thought the tool box with its contents weighed fourteen hundred or fifteen hundred pounds. To ask him what he then thought as to the ability of three men to handle the box, assuming that it weighed five hundred pounds with its contents, called for his opinion upon a hypothetical question; and it is apparent that a negative reply would have had no bearing upon the state of his mind at the time of the accident. The evidence was properly excluded and the exception to its exclusion must be overruled.

3. The defendant's superintendent, McGonagle, called by the defendant, was asked upon cross-examination: "Now assuming that the box was across the dray running in its length from east to west and the dray ran this way [indicating] and that the gear or dray is up against the curbing of the west sidewalk, and the box is to be removed, and supposing that the box with its contents weighed fourteen or fifteen hundred pounds, would you think that i. e. tipping it up was a proper way to take that box off?"

This question was excluded, and the plaintiff excepted, contending that, aside from calling for the opinion of the witness, it related to his state of mind as to the manner in which the work should be performed, and so had a bearing upon the question whether the defendant was negligent.

The undisputed evidence shows that this witness was not present when the box was unloaded, that he gave no instructions as to the manner in which the work should be performed and neither knew nor had any reason to know that the box would be tipped up in removing it from the dray. Under these circumstances the witness's state of mind was wholly immaterial. This question merely called for the opinion of the witness and was inadmissible for the reasons before stated. Besides it does not appear what answer was expected, and so the plaintiff was not harmed by its exclusion. *Bachant* v. *Boston & Maine Railroad,* 187 Mass. 392, 396. *Wright* v. *Chelsea,* 207 Mass. 460, 466.

*Exceptions overruled.*

*C. R. Cummings,* (*J. W. Nugent* with him,) for the plaintiff.
*F. R. Greene,* for the defendant.