ANGELINA LAVOIE *vs.* BROCKELMAN BROTHERS, INC. (and a companion case [1]).

Worcester.   December 10, 1942. — March 27, 1944.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Negligence,* Invited person, Store.   *Evidence,* Opinion: expert.

A finding of negligence of the proprietor of a store toward a customer who was injured in its self service department, where there was a cashier's booth with a counter in front of it for the use of customers, by stumbling over a portion of a wall across the bottom of the entrance to the booth, was not warranted on evidence which, although including testimony that the construction of the booth was defective, showed that, if the customer was attempting to enter the booth to attract the attention of the cashier, he was not an invitee there; and that, even if he were invited to approach the entrance to the booth and was not attempting to enter it, the place was well lighted and conditions were obvious.

In an action against the proprietor of a store by a customer for personal injuries, expert testimony that the method of construction of the place where the plaintiff was injured would create "hazards to customers" and was not safe "from the customer's point of view" was properly excluded because the existence of hazards to customers or

---

[1] The companion case is by J. Arthur Lavoie against the same defendant.

want of safety from their point of view depended on whether they had been invited to go into that place; and also because such method of construction had been fully shown by other evidence and could be easily understood by the jury.

Two ACTIONS OF TORT. Writs in the Superior Court dated April 5, 1940.

The actions were tried before *Spalding,* J.

*J. D. Ward,* for the plaintiffs.

*M. J. Rubin,* (*J. C. McDonald* with him,) for the defendant.

QUA, J. The first action is for personal injury sustained by the plaintiff on April 7, 1939, while she was a customer at the defendant's market in Fitchburg as a result of alleged negligence of the defendant. The second action is by the husband of the plaintiff in the first action to recover for medical expenses. The plaintiff in the first action will be called the plaintiff. In each action the trial judge directed a verdict for the defendant.

There was evidence tending to show these facts: There was "a big crowd in the store." The plaintiff had made some purchases in the defendant's self-service department and had started toward the cashier's booth with her son, who accompanied her, and who was carrying the purchases, when it occurred to her that she had forgotten something. She returned for the forgotten goods, leaving her son at or near the booth. The cashier's booth consisted of a rectangular wooden box eight feet long and four feet wide and apparently about the height of an ordinary counter for the sale of goods. About half of the booth was topped by a shelf or counter two feet wide running lengthwise of the booth. In front of this counter and parallel with it was an aisle or passageway so arranged that patrons leaving the self-service department would pass in front of the counter and could deposit their purchases upon it to be checked by the clerk or cashier, whose position was inside the booth behind the counter, and who would receive payment. In the end wall of the booth nearer the self-service department and not on the long side where the counter was and not immediately adjacent to the aisle through which customers

left was an opening obviously designed to allow the cashier to enter the booth behind the counter. This opening did not reach down to the floor but was curved at the bottom into a semicircular form the lowest point of which was about eight inches above the floor, so that one entering the booth would be obliged to step over the lower portion of the end wall which was not cut away. At the time of the accident there were people in front of the counter. It was "full there and a few people [were] waiting for their turn."

The plaintiff testified, in substance, that when she returned to the booth with her second lot of purchases, instead of passing along the aisle in front of the booth lengthwise of the counter, she came to the corner of the counter, put the goods on the counter, and "wanted to tell the clerk in the cash" to put the goods with those her son already had, so that all could be paid for together. But "they did not look at her, so she tried to give it to the clerk and push the goods over and she struck something with her foot and tumbled" inside the booth. It could be found that what she struck was the lower part of the end wall of the booth, which had not been cut away under the entrance. On cross-examination the plaintiff answered, "Yes," to the question, "I said that as you were entering into the cashier's booth you fell?"

There was expert testimony that the construction of the booth was defective in that there was no gate or rail at the opening, because of "the opportunity to stumble at the bottom," and because the counter had no "overhang" and there was no "toe space" under it.

It is plain that the plaintiff, as a patron of the store, was not invited to go behind the counter into the booth designed to be occupied by the cashier, and that the defendant is not liable for negligence in not maintaining the entrance to the booth in a safe condition for the plaintiff's use. *Herman* v. *Golden,* 298 Mass. 9, 12. *Davis* v. *Bean,* 298 Mass. 135. *Rathgeber* v. *Kelley,* 299 Mass. 444. *Urban* v. *Central Massachusetts Electric Co.* 301 Mass. 519. *Lerner* v. *Hayes-Bickford Lunch System, Inc., ante,* 42. It is not material in this case whether the booth was or was not constructed in a manner safe for employees of the defendant who alone

had occasion to use the entrance to it. The plaintiff's answer on cross-examination, by which she is bound, seems to show that she was injured while stepping behind the counter into the booth. If this was the fact she cannot recover. Even if this answer is disregarded, there is nothing to show that she was injured through any negligence of the defendant in connection with any use which she was invited to make of the defendant's premises. It may be that the invitation to her was not strictly confined to passing along the aisle in front of and lengthwise of the counter in the manner generally expected of customers. Perhaps it could be found to permit her to approach the counter at its narrow end for the purpose of laying her goods upon it. If this be assumed, and if she was not trying to step behind the counter, still no negligence of the defendant caused her to fall there. There was no concealed pitfall. The plaintiff admitted that there was "plenty of light." All conditions were open and obvious. In the circumstances, neither the defendant's failure to carry the opening in the end of the booth down to the floor level nor its failure to provide a bar or gate to prevent the plaintiff from falling into the booth was evidence of negligence. *Hoyt* v. *Woodbury*, 200 Mass. 343. *Adriance* v. *Henry Duncan Corp.* 291 Mass. 202. *Brooks* v. *Sears, Roebuck & Co.* 302 Mass. 184. *Parker* v. *Jordan Marsh Co.* 310 Mass. 227. *Lyons* v. *Hennessey*, 314 Mass. 359. See *Oliver* v. *New England Steamship Co., ante*, 151. The case is distinguishable from *Kennedy* v. *Cherry & Webb Co., Lowell*, 267 Mass. 217, *Lombardi* v. *F. W. Woolworth Co.* 303 Mass. 417, and other cases cited by the plaintiffs. We have considered all contentions argued by the plaintiffs and are of opinion that there was no error in directing verdicts for the defendant.

There was no error in excluding the testimony of a witness whose business was the designing and equipping of stores, and who was offered as an expert, that the method of constructing the booth would create "hazards to customers" and that this type of cashier's booth is not safe "from the customer's point of view." The plaintiff had already been allowed to show all the characteristics of the booth and

counter which she contended were defects. Whether these were hazardous to customers or unsafe from their point of view necessarily depended, in the circumstances of this case, upon where the customers had been invited to go. That was a question for the jury and not for the witness. Moreover, the conditions shown were such as to be easily comprehended by the jury, and it is difficult to see any necessity for the testimony of an expert. *Chick* v. *Gilchrist Co.* 208 Mass. 183. *Lynch* v. *C. J. Larivee Lumber Co.* 223 Mass. 335, 340. *McMenimon* v. *Snow,* 219 Mass. 231, 233. *Robbins* v. *Athol Gas & Electric Co.* 236 Mass. 387, 391. *Jackson* v. *Anthony,* 282 Mass. 540, 543–544. *Pastrick* v. *S. S. Kresge Co.* 288 Mass. 194, 196.

The defendant's exceptions have become immaterial and are deemed to have been waived.

*Plaintiffs' exceptions overruled.*
*Defendant's exceptions waived.*