*Northern District*

No. 4870

**MARIE C. HOLSCHER**
v.
**GILCHRIST CO.**

(June 20, 1955)

*Brooks, J.* Plaintiff sues in tort for injuries received while rightfully on defendant's premises. About 3 p.m. September 29, 1952, she entered defendant's store through a rear entrance which abutted on an open space belonging to defendant bounded by a public way. This area was 100 feet by 35 feet.

This area was being hot-topped. To keep trucks away from the freshly-treated surface, defendant had placed four moveable posts connected by a chain. These posts were 3 feet to 4 feet high and 3 feet and 4 feet apart. They were placed in the area at the edge of the street.

When plaintiff parked her car preparatory to crossing the area to enter the store, she noticed the posts. When she came out from the store, her arms were filled with bundles which she testified obstructed her view. She did not see the posts and chain as she walked across the area toward her car, and she came in contact with the middle section of the posts falling and injuring herself. She then noticed that the chain across the middle section was from 3 inches to 6 inches from the ground at the center.

Defendant filed two requests for rulings:

1. The evidence does not warrant a finding for the plaintiff.
2. There is no evidence that the defendant, its agents, servants or employees were negligent.

The court (*Green, J.*) denied defendant's requests by declining to give No. 1 as being inapplicable in view of facts and by denying No. 2. The court found for plaintiff reciting in its finding substantially the facts stated above.

Defendant's appeal is from the denial of the requests and from the judge's finding. These requests put in issue defendant's negligence and plaintiff's due care. There seems to be no contention that defendant did not have the right to place barriers in the open space. It is to be inferred that the negligence consists of defendant's allowing the middle chain to hang within 3 inches or 6 inches of the ground.

Plaintiff saw the posts and chain before entering the store. She did not see them when she came out, although they had not been moved and were in plain sight. The only plausible explanation of her failure to see the barrier is that her view was obstructed by

an armful of bundles. It would appear that she ran into the barrier because she obstructed her own view. It would also appear that she would have fallen over any object in her path below her line of vision, however obvious. There is no evidence what that line of vision was.

Plaintiff's conduct did not to our mind constitute due care on plaintiff's part. Neither does it suggest negligence on the part of defendant who should be able to assume that any customer crossing its premises would see what was plainly visible and avoid walking into it. *Hoyt v. Woodbury*, 200 Mass. 343, 345. *Lavoie v. Brockelman Bros., Inc.*, 315 Mass. 673-676. *Gurll v. Massasoit Greyhound Assn.*, 325 Mass. 76 at 78. We think the low-hanging chain was an incident not a cause of plaintiff's injuries. There is nothing to indicate that she would not have been injured if the chain had been higher.

Finding vacated and judgment for defendant.

James R. Skahan, for the plaintiff.

Merritt J. Aldrich, for the defendant.