**904**

Seymour SHENKMAN, Plaintiff,

v.

ELLERY GARAGE, INC., Defendant.

Civ. A. No. 58-746-C.

United States District Court
D. Massachusetts.

Jan. 27, 1961.

Mayo Darling, Concord, Mass., for defendant.

Jules Angoff, Boston, Mass., for plaintiff.

CAFFREY, District Judge.

The defendant in the above-captioned action has filed a motion for summary judgment. The motion sets forth no grounds for its allowance, but upon oral argument the defendant contended that no genuine issue of material fact remains to be decided.

This is a diversity case in which the plaintiff, Seymour Shenkman, a citizen of the State of Pennsylvania, seeks to recover damages for personal injuries against the defendant, Ellery Garage, Inc., a Massachusetts corporation with a usual place of business in Cambridge, Massachusetts.

Plaintiff contends that on January 1, 1958, he was upon defendant's premises and that he suffered severe physical injuries in a fall from the top of a flight of stairs to the floor of the boiler room of defendant's garage. Plaintiff alleges that he was present on the premises as a business invitee and that the premises were maintained in a negligent and unsafe condition for reasonable and proper use by him. He further alleges that one

using the premises in a reasonable manner could not perceive or detect their negligent maintenance by defendant, and charges defendant with failure to either protect the plaintiff from or warn him of the dangerous and unsafe condition of the said premises.

The motion for summary judgment is not supported by affidavit, nor is it opposed by counter-affidavit. At the oral argument of the motion, counsel for the parties agreed that the motion would be treated by the Court as being based upon the pleadings, interrogatories, answers to interrogatories, requests for admissions of fact, answers to requests for admissions of fact, and depositions previously filed in the case. A review of the foregoing indicates that plaintiff, Seymour Shenkman, was at the time of the accident a graduate student at the Massachusetts Institute of Technology, and that he was involved in an automobile accident at the corner of Massachusetts Ave. and Rice St., Cambridge, at approximately 3:30 or 4:00 a. m., on New Year's Day, January 1, 1958. That after said accident, in which the right lens of plaintiff's eyeglasses was broken, plaintiff and the occupants of the other car were taken to the Cambridge City Hospital in a Cambridge Police Department cruiser for examination or treatment. That after a brief stay at the hospital, plaintiff was taken in the police cruiser to the Cambridge Police Station where he filled out a report concerning the automobile accident. Meanwhile, one of the police officers who had gone to the scene of the accident upon the Cambridge Police receiving the report thereof, had made arrangements with the defendant, Ellery Garage, Inc., for it to remove both vehicles, through the use of its tow truck, to its garage.

When plaintiff completed filling out the accident report, he was taken to the defendant's garage in the police cruiser for the stated purpose "to get material of mine that was left in my car." Upon arrival at the Ellery Garage, plaintiff entered an unmarked, unlocked, unlighted door at the extreme right front corner of the garage, immediately inside of which there is located a cement platform or landing which is nearly on a level with the outside sidewalk, and which was described by various deponents as a 2-foot receiving platform. To the right of this platform a stairway descends to the floor of the boiler room, some 12 feet below. There is no railing or protective device around either the platform or the stairs. Some time about 5:40 a. m., plaintiff was found unconscious on the floor of the boiler room. An ambulance and Cambridge police were called to the defendant's garage and plaintiff was removed in the ambulance to the Cambridge City Hospital.

The defendant, in answer to plaintiff's request for admission under Rule 36, Fed.Rules Civ.Proc., 28 U.S.C.A., admitted that prior to towing the cars away, an employee of defendant, acting in the course of his employment, gave to a Cambridge police official at the scene of the accident, a slip or stub bearing the words "claim check" and the identification number "7272." Defendant also admitted that on February 5, 1958, defendant caused plaintiff to receive a so-called "customer's copy" of a slip which, in effect, was an invoice to plaintiff calling for payment of $42 for services rendered by defendant to plaintiff. This slip was filled out by defendant's president, Henry M. Altman.

On the basis of the foregoing, it cannot be ruled as a matter of law that there remains no genuine issue of material fact to be decided in this case. Cf. Skidd v. Quattrochi, 304 Mass. 438, 23 N.E.2d 1009; Lavoie v. Brockelman Bros., Inc., 315 Mass. 673, 53 N.E.2d 999; Rosen v. Boston Symphony Orchestra, Inc., 315 Mass. 732, 54 N.E.2d 49.

Motion denied.